SHARON BROWN *v.* UNITED TECHNOLOGIES CORPORATION, PRATT AND WHITNEY AIRCRAFT DIVISION, ET AL.
(SC 18332)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued April 29—officially released June 22, 2010

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*Mark Merrow,* for the appellant (plaintiff).

*Jason M. Dodge,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Sharon Brown, filed a claim for workers' compensation benefits while she was employed by the named defendant, United Technologies Corporation, Pratt and Whitney Aircraft Division (Pratt & Whitney).[1] The workers' compensation commissioner (commissioner) found the plaintiff's injury to be compensable under the Workers' Compensation Act, General Statutes § 31-275 et seq. Pratt & Whitney appealed from the commissioner's decision to the workers' compensation review board (board), which vacated the commissioner's finding and award of benefits. The plaintiff then appealed from the board's decision to the Appellate Court, which affirmed the board's decision. *Brown* v. *United Technologies Corp.,* 112 Conn. App. 492, 511, 963 A.2d 1027 (2009). We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly determine that the bar to workers' compensation coverage found within . . . § 31-275 (16) (B) (i)[2] applied to preclude coverage for the plaintiff's injury?" *Brown* v. *United Technologies Corp.,* 291 Conn. 906, 967 A.2d 1220 (2009). We conclude that certification was improvidently granted and that the appeal should be dismissed.

---

[1] AIG Claims Service, Inc., the workers' compensation insurer for Pratt & Whitney, also was named as a defendant.

[2] General Statutes § 31-275 (16) (B) provides in relevant part: " 'Personal injury' or 'injury' shall not be construed to include:

"(i) An injury to an employee that results from the employee's voluntary participation in any activity the major purpose of which is social or recreational, including, but not limited to, athletic events, parties and picnics, whether or not the employer pays some or all of the cost of such activity . . . ."

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "The plaintiff . . . was taking a walk on the Pratt & Whitney grounds during her one-half hour unpaid lunch break on July 8, 2005, when she fell and sustained an injury to her right shoulder. . . . The plaintiff testified before the commissioner that she walked daily for the purpose of improving her health; she is a borderline diabetic and her physician recommended that she exercise. She also testified that her walking is purely voluntary, that she does not associate with any other Pratt & Whitney employees during her walk, that when she walks she churns her arms up and down to get her heart rate higher and that she makes a concentrated effort to elevate her heart rate by walking at a rapid pace. She does not have to ask permission of her supervisor or anyone else at Pratt & Whitney to take a lunchtime walk.

"The plaintiff reported her injury to a supervisor and immediately sought medical attention at work. She was sent to the emergency room at Middlesex Hospital and a few days later visited her physician. She eventually learned that she had a torn tendon in her shoulder, and she received physical therapy for her injury.

"The plaintiff presented evidence at the hearing before the commissioner that she was totally incapacitated from July 9 through August 20, 2005. In his September 26, 2006 finding and award, the commissioner found that [t]he health of Pratt & Whitney workers was surely enhanced by any type of reasonable physical activity pursued on company grounds during unpaid breaks by its employees. The commissioner further found that the plaintiff's walking on company grounds during her lunch break was . . . incidental to her employment, and, therefore, her right shoulder injury is found to be a compensable event, and also was not barred from compensation under the social-recreational exception to the act. Pratt & Whitney filed a petition for review . . . .

"On October 23, 2007, the board issued its opinion and vacated the commissioner's finding and award, concluding that the plaintiff's injury was not compensable. The board rejected the commissioner's finding that the plaintiff's injury was incidental to her employment and found no mutual benefit to both parties from the plaintiff's activities. The board further found that the commissioner's finding that [t]he health of Pratt & Whitney workers was surely enhanced by any type of reasonable physical activity was unsupported by any probative evidence on the record." (Internal quotation marks omitted.) *Brown* v. *United Technologies Corp.*, supra, 112 Conn. App. 494–96.

In affirming the decision of the board, the Appellate Court determined that the major purpose of the plaintiff's activity was recreational and, therefore, held that the social-recreational exception of § 31-275 (16) (B) (i) applied to preclude coverage for the plaintiff's injury. Id., 504–509.

This certified appeal followed. The plaintiff claims that the Appellate Court's affirmance of the board's decision was improper because the act of walking for health reasons, alone during a lunch break, was neither social nor recreational and does not fall within the scope of § 31-275 (16) (B) (i). After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.